**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bertha Allcia CALVILLO–NIEVES,**
**Defendant–Appellant.**

**No. 08–30418.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2009.*

Filed Dec. 18, 2009.

---

1. Additionally, the IJ ruled that Duru's asylum application was untimely.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scott Asphaug, Assistant U.S., Office of the U.S. Attorney, Portland, OR, Byron Chatfield, Assistant U.S., Office of the U.S. Attorney, Leslie Jauanna Westphal, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Robert A. Weppner, Portland, OR, for Defendant–Appellant.

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM **

Appellant Berta Allcia Calvillo–Nieves appeals the district court's order denying her motion to suppress. Because the warrant authorizing police to search Calvillo–Nieves' home describes the premises to be searched with sufficient particularity, we affirm.

We review a district court's denial of a motion to suppress de novo, and the factual findings underlying the denial for clear error. *United States v. Brobst,* 558 F.3d 982, 991 (9th Cir.2009). We review a district court's determination regarding the specificity of a warrant de novo. *Id.*

The Fourth Amendment requires that a search warrant particularly describe the place to be searched. U.S. Const. amend. IV. A warrant that contains the wrong address for the premises to be searched nonetheless satisfies the Fourth Amendment's particularity requirement when " 'no nearby house met the warrant's detailed description; the address in the warrant was reasonable for the location intended; the house had been under surveillance before the warrant was sought; the warrant was executed by an officer who had participated in applying for the warrant and who personally knew which premises were intended to be searched; and the premises that were intended to be searched were those actually searched.' " *United States v. Mann,* 389 F.3d 869, 876–77 (9th Cir.2004) (quoting *United States v. Turner,* 770 F.2d 1508, 1511 (9th Cir.1985)). The record establishes that all of these conditions were satisfied in this case. Thus, the warrant police obtained before searching Calvillo–Nieves's home satisfies the Fourth Amendment's particularity requirement. We therefore affirm the district court's denial of Calvillo–Nieves's motion to suppress.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.